**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| BRYON SLICER, | : | |
| | : | |
| PLAINTIFF, | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:23-cv-03703-LMM |
| C&M DEFENSE GROUP LLC, | : | |
| | : | |
| DEFENDANT. | : | |

**NOTICE REGARDING FLSA CASES**

Plaintiff's claims in this action have been brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"). Under the FLSA, there are only two routes for compromise of FLSA claims. "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). Alternatively, employees' claims may be compromised in a private FLSA action for back wages only after the district court reviews and approves the proposed stipulated judgment or settlement agreement "after scrutinizing the settlement for fairness." Id. (citations omitted); see also Rakip v. Paradise Awnings Corp., 514 F. App'x 917, 919–20 (11th Cir. 2013) (finding that

"*Lynn's Food* does not stand for the proposition that any valid settlement of a FLSA claim must take a particular form. It only means that the district court must take an active role in approving the settlement agreement to ensure that it is not the result of the employer using its superior bargaining position to take advantage of the employee"). Offers of Judgment made pursuant to Fed. R. Civ. P. 68 are also subject to judicial review under Lynn's Food and will be scrutinized carefully for fairness prior to entry of judgment by the court. See Walker v. Vital Recovery Servs., Inc., 300 F.R.D. 599, 602 (N.D. Ga. 2014).

      Accordingly, the parties are hereby **NOTICED** that settlement must be approved by the Court before the case may be closed. It is the Court's practice to require filing of the settlement agreement on the public record. In the event that a settlement is reached, the parties are **DIRECTED** to file a joint motion for approval of the settlement agreement, attaching the settlement agreement to the motion. The Court will then hold a telephone conference to discuss settlement approval.

      The parties should also be mindful that the Court does not typically approve settlement agreements with general releases, see Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1350–52 (M.D. Fla. 2010) (explaining why general releases are disfavored in FLSA settlement agreements), or confidentiality provisions, see Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1242–43 (M.D. Fla. 2010) (explaining that confidentiality provisions contravene FLSA policy).

It is so **ORDERED** this 24th day of August, 2023.

                                              _____
                                              LEIGH MARTIN MAY
                                              UNITED STATES DISTRICT JUDGE